UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GE Business Financial Services, Inc. fka Merrill Lynch Business Financial Services, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Hilton Head Senior Living LLC, an Oregon limited liability company, Greenville Senior Living LLC, an Oregon limited liability company, Grayson Harrisburg Limited Partnership, an Oregon limited partnership, Arlington Cooper Senior Living Limited Partnership, an Oregon limited partnership, Kenmore Senior Living LLC, an Oregon limited liability company, Vancouver Senior Living LLC, an Oregon limited liability company, Peridot Assisted Living Community LLC, an Oregon limited liability company, Sunwest Management, Inc., an Oregon corporation.<br><br>Defendants. | Case No.08 CV 7143<br><br>Judge Blanche Manning |

**Order Appointing Receiver on Agreed Motion**

This action comes before the Court on the Plaintiff's Agreed Motion for Appointment of Receiver (the "Agreed Motion"), notice of which all Defendants have waived and to which all Defendants have consented. The Court, having reviewed the Agreed Motion, the Defendants' Waiver of Notice and Consent to Appointment of Receiver, the Declaration of Richard T. Arrowsmith in Support of the Agreed Motion (the "Arrowsmith Declaration") and the Declaration of Thomas A. Seaman (the "Seaman Declaration") and such other pleadings and documents of record in this action relevant to the relief requested herein, finds that Thomas A. Seaman should be appointed Receiver over the property described in the foregoing pleadings, pursuant to Federal Rule of Civil Procedure 66 and 28 U.S.C. §§ 754 and 1692.

Accordingly, **IT IS ORDERED** that:

1. Thomas A. Seaman (the "Receiver") is hereby appointed receiver over the real and personal property described in the Loan Documents (the "Receivership Property").[1] The Receiver's appointment shall become effective upon entry of this Order.

2. Within five (5) days following his appointment, the Receiver shall post an undertaking in the amount of $10,000 and shall file proof of such undertaking with this Court.

3. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver pursuant to this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules of this Court in carrying out his duties as prescribed by law and in this Order.

4. The Receiver shall be vested with the usual rights, powers and duties of receivers pursuant to applicable law. Consistent with such rights, powers and duties, the Receiver directed and authorized to undertake and accomplish the following:

   (a) immediately gain access to and take immediate possession of the Receivership Property;

   (b) exclude therefrom Defendants Hilton Head Senior Living LLC, Greenville Senior Living LLC, Grayson Harrisburg LP, Arlington Cooper LP, Kenmore Senior Living LLC, Vancouver Senior Living LLC, Peridot Assisted Living Community LLC and Sunwest Management, Inc. (collectively, the "Defendants"), together with the Defendants' agents, servants, employees, representatives, attorneys and any other persons or entities acting in concert or participation with them (collectively, the "Defendants' Agents");

   (c) immediately take possession of all books and records pertaining to the Receivership Property, wherever located, as the Receiver deems necessary for the proper administration, management, and/or control of the Receivership Property, but the Receiver shall make such books and records available to the Defendants and/or Defendants' Agents as reasonably necessary.

   (d) immediately enter upon and take possession of, operate and manage all real property constituting Receivership Property;

---

[1] Unless otherwise noted, all capitalized terms shall have the meaning ascribed to them in Plaintiff's Complaint and/or the Agreed Motion.

(e) immediately take possession of and manage all personal property constituting Receivership Property including, without limitation, all accounts;

(f) enter into such contracts and agreements as the Receiver deems necessary or desirable in connection with his operation, management, possession and/or control of the Receivership Property;

(g) make additions, alterations, repairs and improvements to the Receivership Property to keep it in good condition and repair;

(h) make all necessary capital expenditures to preserve and maintain the Receivership Property;

(i) appear and participate in any pending action or proceeding affecting or that might affect any Receivership Property;

(j) pay any obligations relating to any Receivership Property that arose prior to the Receiver's appointment if the Receiver considers such payment necessary or appropriate to preserve or enhance the value of the Receivership Property;

(k) pay, purchase, contest or compromise any other debt or any encumbrance, claim, charge, or lien that might affect any Receivership Property;

(l) pay all appropriate and reasonable operating expenses incurred after the Receiver's appointment including, without limitation, the Receiver's fees and expenses, as they become due, and pay all other expenses related to the operation and management of the Receivership Property as the Receiver deems necessary and consistent with the exercise of his business judgment. If cash on hand or income from operations of the Receivership Property are insufficient to pay such expenses, Plaintiff may from time to time advance funds to the Receiver in an amount sufficient to pay such operating expenses as and when they come due, which advances shall be obligations owning to the Plaintiff under the terms of the Loan Documents. The excess of receipts over expenses shall be applied by the Receiver and paid to the Plaintiff on a monthly basis of such other frequency as agreed between the Plaintiff and the Receiver for application against the indebtedness evidenced in the Loan Documents;

(m) do any acts the Receiver deems necessary or desirable to preserve or enhance the value or marketability of the Receivership Property or increase the income therefrom;

(n) bring and prosecute all proper actions for the collection of monies due on the Receivership Property;

(o) use Defendants' Federal Tax Identification Number to open such accounts as might be appropriate for the deposit of monies collected or received in a bank selected by the Receiver;

(p) hire attorneys, accountants, appraisers or other professionals as the Receiver considers necessary or appropriate to carry out the duties and obligations of the Receiver;

(q) exercise all rights, title, interest and obligations of Defendants with respect to the Receivership Property;

(r) maintain and service or terminate and reject existing leases of the Receivership Property and rent or otherwise manage and operate the Receivership Property to the best advantage;

(s) collect, control, receive and direct the use of all rent, issue, income and proceeds from the Property;

(t) pay taxes, insurance premiums, ordinary expenses, expenses of any repairs and/or maintenance necessary to preserve the Property in good condition, as well as any other expenses or indebtedness the Receiver deems necessary and appropriate to carry on the business or as required by applicable law or Orders of this Court;

(u) collect, maintain and preserve all licenses, permits and other credentials necessary for the management and operation of the Property;

(v) maintain and service or terminate and reject any and all other existing contracts or leases, including management contracts or leases, relating to the operation, management, control or function of the Property;

(w) maintain accurate ledgers, financial records or other accounts of all receipts and disbursements accepted or made by the Receiver during his appointment and in the course of his management and administration of the Receivership Property;

(x) maintain or obtain any necessary or required policies of insurance relating to the Property;

(y) within twenty (20) days following his appointment, file an inventory of all real and personal property of which the Receiver has taken possession or control, together with a

list of the then-known liabilities of the estate and a report explaining such inventory. Thereafter and until discharged, the Receiver shall file an update of such report every one hundred twenty (120) days, unless otherwise ordered. Such updated reports shall describe all receipts and disbursements and summarize the activities of the Receiver.

5. Defendants and Defendants' Agents are hereby enjoined from interfering with the Receiver or his duly appointed or employed agents, representatives or employees in connection with the Receiver's possession of and control over the Receivership Property, as described herein and pursuant to applicable law. The Defendants and the Defendants' Agents shall immediately turn over to the Receiver possession and control of the Receivership Property.

6. Defendants and Defendants' Agents shall account for any and all income, cash or funds on deposit collected by them arising out of the management, operation, use or ownership of the Receivership Property and shall make no further disbursement, distribution or payment of such income, cash or funds and shall immediately turn over to the Receiver all such income, cash or funds. The Receiver may deliver a copy of this Order to any bank or other financial institution that maintains an account containing funds subject to this Order and such bank or other financial institution, upon receipt of this Order, shall allow the Receiver to use and access such account(s) and funds on deposit in such account(s), in the stead of and to the extent previously used by the Defendants and/or Defendants' Agents.

7. Defendants and Defendants' Agents shall provide any information and/or documentation requested by the Receiver and related to the Receivership Property and/or its management and/or operation. The Defendants and Defendants' Agents shall refrain from interfering with the Receiver or his duly appointed agents or employees in connection with the performance of the duties, rights and obligations of the Receiver under applicable law or the Orders of this Court.

8. Defendants and Defendants' Agents shall immediately turn over or make available for inspection by the Receiver any books, records, equipment, cash, rent rolls, security deposits, bank accounts, general ledgers, other personal property (tangible and intangible), contracts, leases, licenses, permits, general ledgers, statements of account, bank statements, disbursement journals, accounts payable and receivable journals, insurance policies, tax and assessment information, payroll and personnel records, and any other documents or records

relating to the control, management, possession or operation of the Receivership Property, as the Receiver might request.

9. The Receiver shall be entitled to reasonable compensation for his services, as described in the Declaration of Thomas J. Seaman, previously filed with this Court.

10. This Court shall retain jurisdiction over this matter for all purposes.

**IT IS SO ORDERED.**

Dated: February 9, 2009

*Blanche M. Manning*
Blanche M. Manning
United States District Judge

SF:231433.2

-6-